UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC DEVRIES,<br><br>  Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING LLC,<br><br>  Defendant. | Case No. 19-cv-708<br><br>Hon. |

### COMPLAINT AND JURY DEMAND

Plaintiff Eric DeVries, by and through his counsel, Westbrook Law PLLC, for his Complaint against Defendant Specialized Loan Servicing LLC, states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; Michigan Regulation of Collection Practices Act ("MRCPA"), M.C.L. § 445.251 *et seq.*; and Michigan Mortgage Brokers, Lenders and Servicers Licensing Act ("MBLSLA"), M.C.L. § 445.1651 *et seq.* due to Defendant's repeated and abusive collection-related telephone calls unlawfully placed to Plaintiff's cellular telephone number and which caused actual harm to Plaintiff.

2. The TCPA prohibits a person or its agent from using an automatic dialing system or an artificial or prerecorded voice in placing or directing any telephone call to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A). The TCPA provides a private right of action and dictates a minimum award of damages in the amount of $500.00 per

violation for non-willful violations and $1,500.00 per violation for willful or knowing violations. 47 U.S.C. § 227(b)(3).

3. The MRCPA prohibits a person engaged in collection of a debt from using a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring repeatedly or continuously or at unusual times or places which are known to be inconvenient to the debtor. M.C.L. § 445.252(n). The MRCPA provides a private right of action and dictates a minimum award of damages in the amount of $50.00 per violation for non-willful violations and $150.00 per violation for willful violations. M.C.L. § 445.257.

4. The MBLSLA provides an independent cause of action against mortgage loan servicers for failure to conduct their business in accordance with law. M.C.L. § 445.1672. Violations of the TCPA and/or MRCPA constitute actionable violations of the MBLSLA and entitle the prevailing plaintiff to statutory damages of $250 per violation and attorney fees. M.C.L. § 445.1681.

## THE PARTIES

5. Plaintiff Eric DeVries is an individual residing in Grand Rapids, Kent County, Michigan. Plaintiff is a "consumer" as that term is used in the MRPCA.

6. Defendant Specialized Loan Servicing LLC ("SLS") is a mortgage loan servicer with a principal place of business in Highlands Ranch, Colorado.

7. SLS acted and acts in the State of Michigan to collect debts incurred for personal, family, or household purposes. Defendant is a "regulated person" as that term is defined and used in the MRCPA. M.C.L. § 445.251(g).

8. SLS is a "licensee" as that term is defined and used in the MBLSLA, M.C.L. § 445.1651a(n), because SLS is licensed as a servicer of first home mortgage loans in the State of

2

Michigan (license no. FR-0020429) as well as second home mortgage loans (license no. SR-0011889).

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

10. Venue is appropriate in this Court because the conduct complained of took place within this district.

## FACTUAL ALLEGATIONS

11. Plaintiff obtained home loan from Wells Fargo in November of 2002, resulting in a debt (the "Debt"). The Debt was a "debt" as that term is used in the MRCPA, because it was incurred for personal and household purposes and not for any commercial purpose.

12. Years ago, Plaintiff fell behind in payments on the Debt, but subsequently reached a modification agreement with Wells Fargo and has kept the account current from 2008 to present.

13. In its collection efforts, Wells Fargo made repeated calls to Plaintiff's cellular telephone number, which ended in 5401 (the "5401 Number"). Wells Fargo also began telephoning Plaintiff at a second number, ending in 1550 (the "1550 Number"), that Plaintiff had never provided to Wells Fargo.

14. Plaintiff has telephone and voicemail service to the 1550 Number through his cellular provider and pays for these services on a monthly basis.

15. In January and July of 2018, and on at least two occasions in February of 2019, Plaintiff instructed Wells Fargo via telephone to stop contacting him by telephone. Wells Fargo ceased calling the 5401 Number, but failed to cease calling the 1550 Number.

16. Plaintiff's consent to place automated or prerecorded calls to the 5401 Number regarding the Debt, if any, was unambiguously revoked not later than January of 2018.

17. Plaintiff's consent to place automated or prerecorded calls to the 1550 Number regarding the Debt, if any, was unambiguously revoked not later than January of 2018.

18. At no time since January of 2018 has Plaintiff provided consent to Wells Fargo or SLS to place automated or prerecorded calls to the 5401 Number, the 1550 Number, or any other telephone number used by Plaintiff.

19. SLS became the servicer of the Debt in March of 2019.

20. SLS subsequently began to collect payments on the Debt on behalf of Wells Fargo.

21. In its collection efforts, SLS began making repeated calls to the 1550 Number in March of 2019.

22. Defendant used a prerecorded voice message in numerous calls directed to the 1550 Number and placed by an automatic telephone dialer system.

23. After calling the 1550 Number, Defendant left numerous prerecorded voice messages that were identical, as follows:

> I'm sorry that we missed you. Please call Specialized Loan Servicing at 1-800-306-6062. Thank you.

24. On March 14, 2019, Plaintiff answered a call from SLS that was placed using an automatic telephone dialer system. After connecting the call, a period of silence characteristic of an automatic telephone dialer system followed before an SLS representative began speaking.

25. During the March 14, 2019 telephone call placed by SLS to Plaintiff at the 1550 Number, Plaintiff specifically directed SLS to stop placing telephone calls to Plaintiff.

26. During the March 14, 2019 telephone call placed by SLS to Plaintiff at the 1550 Number, the SLS representative speaking to Plaintiff acknowledged Plaintiff's request that telephone contact to Plaintiff cease, specifically stating in response to Plaintiff's request, "no problem, we will put no contact" into SLS's electronic records.

27. SLS received Plaintiff's demand that the automated calls from SLS to Plaintiff's cellular phone number be stopped.

28. SLS did not cease placing automated calls to the 1550 Number after the March 14, 2019.

29. SLS's employee received and understood Plaintiff's demand that the automated calls from SLS to Plaintiff's phone number be stopped.

30. SLS never communicated to Plaintiff that his requests that SLS's automated calls to Plaintiff's phone be stopped needed to be communicated to a different employee or department.

31. To the extent Plaintiff had ever provided his consent to SLS or its predecessor(s) to place automated calls and messages to him, he unequivocally and clearly revoked such consent by not later than March 14, 2019.

32. Any consent by Plaintiff to receive automated calls and messages to his phone numbers from SLS was revoked by a reasonable means on or before March 14, 2019.

33. Plaintiff never gave SLS his consent to place automated calls or messages to him at any time during or after the March 14, 2019 call.

34. Between March 14, 2019 and March 31, 2019, SLS used a prerecorded message, robotic voice, or automatic dialer system in at least six (6) automated calls directed to the 1550 Number.

35. In April of 2019, SLS used a prerecorded message, robotic voice, or automatic dialer system in at least six (6) automated calls directed to the 1550 Number.

36. In May of 2019, SLS used a prerecorded message, robotic voice, or automatic dialer system in at least eleven (11) automated calls directed to the 1550 Number.

37. In June of 2019, SLS used a prerecorded message, robotic voice, or automatic dialer system in at least eight (8) automated calls directed to the 1550 Number.

38. In July of 2019, SLS used a prerecorded message, robotic voice, or automatic dialer system in at least twelve (12) automated calls directed to the 1550 Number.

39. In August of 2019, SLS used a prerecorded message, robotic voice, or automatic dialer system in at least twenty-two (22) calls directed to the 1550 Number.

40. On August 31, 2019 alone, SLS placed at least three (3) automated calls to the 1550 Number.

41. After Plaintiff's unequivocal demand that SLS cease the automated calls to his cellular phone on March 14, 2019, SLS used a prerecorded message in at least 65 automated calls directed to the 1550 Number.

42. Each of the automated calls SLS directed to the 1550 Number was in connection with an attempt by SLS to collect a debt from Plaintiff.

43. Each of the voicemails SLS directed to the 1550 Number featured a prerecorded voice and identical message.

44. Each of the calls SLS directed to the 1550 Number, including the March 14, 2019 call during which SLS's employee acknowledged Plaintiff's demand that telephonic communications to the 1550 Number cease and promised "no contact," was placed using an automatic telephone dialing system.

6

45. By not later than March 14, 2019, each of SLS's automated calls placed to the 1550 Number was a violation of the TCPA's prohibition of calls to cellular numbers "using any automatic telephone dialing system or an artificial or prerecorded voice." 45 U.S.C. § 227(b)(1)(A).

46. Each of SLS's automated calls directed to the 1550 Number after March 14, 2019 was a willful violation of the TCPA.

47. Each of SLS's automated calls directed to the 1550 Number after March 14, 2019 violated the prohibition in the MRCPA of using a "harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring … repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor." M.C.L. § 445.252(n).

48. Each of SLS's automated calls directed to the 1550 Number after March 14, 2019 violated the prohibition in the MBLSLA against failing to conduct the business of a mortgage servicer "in accordance with law, this act, or a rule promulgated or order issued under this act." M.C.L. § 445.1672(a).

49. SLS's repeated, automated calls directed to the 1550 Number caused Plaintiff substantial annoyance and distraction and interfered with Plaintiff's use of his telephone equipment and telephone line.

50. SLS's repeated, prerecorded voicemail messages left after placement of calls directed to the 1550 Number occupied and cluttered the limited space allotted to Plaintiff in his voicemail inbox, rendering Plaintiff's use of his voicemail service cumbersome, inconvenient, and otherwise time-consuming.

51. SLS's automated calls directed to the 1550 Number caused Plaintiff substantial annoyance, stress, distraction, inconvenience, embarrassment, and wasted time.

## COUNT I – TCPA, 45 U.S.C. § 227(b)(1)

52. Plaintiff incorporates the preceding paragraphs herein by reference.

53. SLS violated the TCPA at least 65 times by directing automated calls to Plaintiff's cellular phone number.

54. SLS's TCPA violations were willful and/or knowing.

WHEREFORE, Plaintiff requests that judgment be granted in his favor specifying the following relief:

a. An injunction prohibiting SLS from placing automated calls and calls using prerecorded messages to Plaintiff's cellular phone number in violation of the TCPA pursuant to 47 U.S.C. § 277(b)(3)(A);

b. Statutory damages pursuant to 47 U.S.C. § 277(b)(3)(B) and treble damages; and

c. Such further relief as the Court deems just and proper.

## COUNT II – MRCPA, M.C.L. § 445.257

55. Plaintiff incorporates the preceding paragraphs herein by reference.

56. Because of their frequency and persistence, SLS's collection-related automated calls to Plaintiff after March 14, 2019 were harassing, oppressive, and abusive and violated the MRCPA.

57. SLS's violations of the MRCPA were willful.

WHEREFORE, Plaintiff requests that judgment be granted in his favor specifying the following relief:

a. Treble actual and statutory damages pursuant to M.C.L. § 445.257;

b. Statutory costs and reasonable attorney fees pursuant to M.C.L. § 445.257; and

c. Such further relief as the Court deems just and proper.

### COUNT III – MBLSLA, M.C.L. § 445.1681

58.  Plaintiff incorporates the preceding paragraphs herein by reference.

59.  Violations of the TCPA constitute violations of the MBLSLA under M.C.L. § 445.1672(a) for which a private right of action is provided in M.C.L. § 445.1681.

60.  SLS violated the MBLSLA each time it placed an automated call to Plaintiff's 1550 Number subsequent to March 14, 2019.

WHEREFORE, Plaintiff requests that judgment be granted in his favor specifying the following relief:

a.  Actual and statutory damages pursuant to M.C.L. § 445.1681(c);

b.  A declaration that SLS's automated calls placed to the 1550 Number violated the MBLSLA;

c.  An injunction prohibiting SLS from placing automated calls and calls using prerecorded messages to Plaintiff's cellular phone number in violation of the MBLSLA;

d.  Costs and reasonable attorney fees pursuant to M.C.L. § 1681(c); and

e.  Such further legal and equitable relief as the Court deems just.

Respectfully submitted,

Dated: September 3, 2019

/s/ Theodore J. Westbrook
Theodore J. Westbrook
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
twestbrook@westbrook-law.net

## JURY DEMAND

Plaintiff Eric DeVries, by and through his counsel, hereby demands a trial by jury as to all claims and issues so triable.

Respectfully submitted,

Dated: September 3, 2019

/s/ Theodore J. Westbrook
Theodore J. Westbrook
**Westbrook Law PLLC**
Attorney for Plaintiff
6140 28th St. SE, Suite 115
Grand Rapids, MI 49546
twestbrook@westbrook-law.net